Nolan McKENZIE, Reverend,
Plaintiff–Appellant,

v.

AAA AUTO FAMILY INSURANCE CO.;
Bank of America, Inc.; Auto Club
Family Insurance Co., Defendants–
Appellees.

No. 10–3253.

United States Court of Appeals,
Tenth Circuit.

July 12, 2011.

Nolan McKenzie, Reverend, Overland
Park, KS, pro se.

Pamela Woolsey Brown, Esq., The Auto
Club of Missouri, John T. Polhemus, Staci
Olvera Schorgl, Bryan Cave LLP, Kansas
City, MO, for Defendants–Appellees.

Before HARTZ, Circuit Judge, and
HOLLOWAY and PORFILIO, Senior
Circuit Judges.

## ORDER AND JUDGMENT*

WILLIAM J. HOLLOWAY, JR., Senior
Circuit Judge.

Plaintiff Nolan McKenzie brought this
action in Kansas state court against his
homeowner's insurance carrier (initially
misidentified as AAA Auto Family Insur-
ance Co., but later clarified to be defen-
dant Auto Club Family Insurance Co.
(Auto Club)), complaining about overvalua-
tion of his house, inflated payments, and
mishandling of escrow funds. After Auto
Club removed the case to federal court
based on diversity, Mr. McKenzie purport-
ed to amend his pleadings, without seeking
leave to do so, by naming Bank of Amer-
ica, Inc., as an additional defendant for its
role in the collection of payments and dis-
position of escrow funds. Eventually, the
district court dismissed the claims against
Bank of America, Inc. without prejudice
for lack of service. Shortly thereafter, Mr.
McKenzie submitted a voluntary stipula-
tion dismissing his claims against Auto
Club, and a few days later, he filed this
appeal. We dismiss for lack of jurisdic-
tion.

Unless a voluntary stipulation of dis-
missal specifies otherwise, "the dismissal is
without prejudice." Fed.R.Civ.P.
41(a)(1)(B). That is the case here. See R.
vol. 1 at 264. Voluntary, without-prejudice
dismissals "raise issues of non-aggrieve-
ment and non-finality that generally bar
appellate jurisdiction" on behalf of the
plaintiff, who has obtained the very re-
sult—a dismissal that does not bar re-
filing—that he wanted.[1] Brown v. Baeke,
413 F.3d 1121, 1124 n. 3 (10th Cir.2005);
see, e.g., Coffey v. Whirlpool Corp., 591
F.2d 618, 620 (10th Cir.1979). Further,
voluntarily dismissing all remaining claims
without prejudice after some claims have

---

* After examining the briefs and appellate rec-
ord, this panel has determined unanimously
that oral argument would not materially assist
the determination of this appeal. See Fed.
R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument. This order and judgment is
not binding precedent, except under the doc-
trines of law of the case, res judicata, and
collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed.
R.App. P. 32.1 and 10th Cir. R. 32.1.

1. If the plaintiff subsequently decides he
should not have dismissed the case, he may,
as an alternative to refiling, seek to rectify the
situation by moving in the district court for
relief from the dismissal under Fed.R.Civ.P.
60(b), but the circumstances must implicate a
cognizable ground for relief under the Rule.
Schmier v. McDonald's, LLC, 569 F.3d 1240,
1242–43 (10th Cir.2009).

been disposed of in a prior interlocutory order, as Mr. McKenzie did here following the dismissal of his claims against Bank of America, Inc., does not make the prior order appealable. *Heimann v. Snead,* 133 F.3d 767, 769 (10th Cir.1998) (per curiam); *Cook v. Rocky Mtn. Bank Note Co.,* 974 F.2d 147, 148 (10th Cir.1992).[2] In sum, we cannot exercise appellate jurisdiction over any part of this case.

Our jurisdiction, at least with respect to the order dismissing the claims against Bank of America, Inc., might yet have been secured had Mr. McKenzie (1) obtained from the district court an order properly certifying the dismissal as final for purposes of appeal pursuant to Fed. R.Civ.P. 54(b),[3] or (2) dismissed with prejudice the claims against Auto Club. *See generally Hennigh v. City of Shawnee,* 155 F.3d 1249, 1253 (10th Cir.1998) (indicating these two options for saving similarly deficient appeal). In two procedural orders raising questions about the jurisdictional viability of this appeal, dated October 12, 2010 and December 13, 2010, the clerk provided Mr. McKenzie repeated opportunities to take such action to save his appeal from impending dismissal. The second time period expressly allotted for such curative action has long since expired without Mr. McKenzie taking advantage of the guidance and opportunity provided by the court to forestall dismissal. Further forbearance is unwarranted.

This appeal is DISMISSED. All pending motions are DENIED.

---

2. We also note that Mr. McKenzie allegedly did not discover defendants' wrongdoing until January 2010, so it does not appear from the pleadings that his ability to re-file his claims would necessarily be precluded because of limitations problems. *See Bragg v. Reed,* 592 F.2d 1136, 1138 (10th Cir.1979) (indicating dismissal without prejudice—at least involuntary dismissal—may be deemed final and appealable if claims would clearly be time-barred).

3. While Rule 54(b) certification is available only for orders that are in fact final with respect to the part of the case they resolve, *see Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.),* 262 F.3d 1089, 1107–08 (10th Cir.2001), the order dismissing the case against Bank of America, Inc. without prejudice for lack of service qualified as final, *see Constien v. United States,* 628 F.3d 1207, 1210 (10th Cir.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 2884, 179 L.Ed.2d 1197 (2011).